MARVIN, Judge.
The employee appeals a judgment dismissing his worker’s compensation action on an exception of prematurity. LRS 23:1314. We affirm.
This section effectively states that when the employee’s allegations-that he has not been paid compensation benefits and that the employer has refused to pay-are shown by the employer to be without reasonable cause or foundation in fact, the employee’s petition shall be dismissed. The purpose of these provisions is to give the employer a reasonable time after notice of the accident in which to investigate and commence compensation payments. See Malone-Johnson, “Worker’s Compensation”, 2d Ed., La. Civil Law Treatise, Vol. 13, § 383.
After this employee filed his original petition alleging a disabling accidental injury (by inhalation of “tractor smoke”), he filed a supplemental petition as a “separate and independent claim for ... total disability” arising out of an injury to his back. To the supplemental petition, the employer excepted under § 1314 and a hearing was held on the exception. The testimony showed that the employer was not made aware of the alleged accident and resulting back injury until suit was filed. Under these circumstances, the exception of prematurity was properly sustained.
The employee contends the dilatory exception of prematurity was waived by the employer when, after both claims had been filed by the employee, the employer made a “general appearance” under CCP 7 by taking depositions relative to the merits of the claims. We cannot agree. The employer is not objecting to the jurisdiction of the court, but to the prematurity of the employee’s action. See and compare Stelly v. Quick Manufacturing, Inc., 228 So.2d 548 (La.App. 3d Cir. 1969), where the taking of depositions as to the merits of a plaintiff’s claim, after the filing of declinatory exceptions relating to the jurisdiction, was held to be a general appearance. The exception of prematurity is a dilatory exception and does not contest jurisdiction.
At appellant’s cost, judgment is
AFFIRMED.