SCHOTT, Judge.
Defendants, the City of New Orleans, and Charles Noullet, a New Orleans policeman, have appealed from a judgment in favor of plaintiff, Joseph Dupas, for damages resulting from a false arrest. The only issue raised by defendant is that the arrest was for probable cause and was authorized by law so that plaintiff is not entitled to damages.
Plaintiff was attending a pre Mardi Gras parade on Canal Street in New Orleans when the incident occurred. The City had installed a fence or barrier along the parade route, and spectators were obliged to remain behind this barrier during the parade. Plaintiff and his young son were on the street side of the barrier as Officer Noullet and a partner were patrolling the area. They told plaintiff to move behind the barrier, and as he was complying with the order Noullet arrested him.
According to Noullet, he arrested plaintiff because he made an obscene statement about his partner as he, plaintiff, was going under the barrier. According to plaintiff, when he was told by the officers to move he replied, “Yes, sir” and was in the process of going under the barrier when he was arrested for no reason. The formal affidavit against plaintiff reflected that he was arrested for resisting an officer, but Noullet testified that the charge was crossing a police barricade.
In his reasons for judgment the trial judge noted that plaintiff was in violation of the municipal ordinance prohibiting crossing a police barrier, and this supplied Noullet with probable cause to arrest him. However, the court found that plaintiff was not arrested for this reason but because Noullet thought plaintiff made a vulgar remark about his partner, which “probably did not happen.” The trial judge concluded: “The arrest and prosecution were without probable cause.”
In this court defendants contend that plaintiff was arrested for crossing the barricade, and since there was probable cause for such an arrest, he is not entitled to damages. In a single specification of error in their brief defendants charge the trial court with error in finding that probable cause existed for plaintiff’s arrest and yet holding that it was a false arrest.
The record establishes that plaintiff’s arrest was not the result of his being on the outside of the barrier. There was a multitude of spectators in the same position and Noullet and his partner were going along the parade route moving them beyond the barrier when this incident occurred. No arrests were being made for violations of the barrier ordinance, and neither would plaintiff have been arrested for this reason. Noullet testified that plaintiff was arrested for saying something obscene to his partner, not because he had been on the outside *596 of the barrier. Unfortunately for defendants, Noullet was mistaken, because, as found by the trial judge who believed plaintiffs testimony, plaintiff made no vulgar or obscene statement.
In the final analysis, defendants would have this court make credibility determinations opposite to those reached by the trial court. Such a conclusion would be inappropriate and unwarranted. The judgment appealed from is affirmed.
AFFIRMED.