ALLEN M. BABINEAUX, Judge Pro Tem.
The plaintiff-appellant, Marion G. Rags-dale filed this lawsuit against William Henry Sanders on July 28, 1983 seeking damages for alleged legal malpractice. The plaintiff alleges in his petition that claims for workers compensation benefits he may have had as a result of an injury on August 15, 1978 have been lost because of the defendant’s failure to timely file suit on his behalf. The defendant filed a peremptory exception of prescription. After a hearing, the trial judge issued written reasons for judgment sustaining the exception and dismissed the plaintiffs suit. We affirm.
The plaintiff’s workers compensation claim arises from an alleged injury on August 15, 1978. The plaintiff and defendant entered into a contingency fee contract concerning representation regarding this claim. The defendant sought benefits for the injury by filing an amended petition to a lawsuit previously filed seeking benefits for another injury. An exception of prematurity was filed with regard to the amended petition which was sustained by the trial court and the amendment was dismissed. The defendant appealed this dismissal to the Second Circuit. Pending the appeal, the defendant filed another lawsuit for the August 15 injury. This lawsuit was dismissed on an exception of lis pendens. Thereafter, on December 2, 1980, the decision of the appellate court on the exception of prematurity was rendered, affirming the trial court. See M.G. Ragsdale v. Commercial Union Insurance Company, 391 So.2d 920 (La.App. 2d Cir.1980). No additional lawsuits have been filed on behalf of the plaintiff in connection with the August 15, 1978 injury.
Two issues must be decided in this case. The first is what is the applicable prescriptive period in this action alleging legal malpractice. The second is at what time does prescription of the plaintiff’s claims for malpractice commence to run.
ISSUE ONE
Whether an action alleging attorney malpractice is governed by the ten year prescription provided in La.Civ.Code Art. 3544[1] or the one year prescription provided in Art. 3536[2] is an issue which has generated conflict among the Courts of Appeal as well as within our Third Circuit.
The recent decision in the Third Circuit Rayne State Bank & Trust Company v. National Union Fire Insurance Company, 469 So.2d 409 (La.App. 3rd Cir.1985), (affirmed in part and reversed in part by *252 the Supreme Court, on grounds not pertinent to the present discussion, in an as yet unpublished opinion) rejected the prior reasoning of the Third Circuit which had culminated in Wingate v. National Union Fire Insurance Company, 485 So.2d 594 (La.App. 3rd Cir.1983). The analysis found in Wingate had consistently resulted in holdings declaring that legal malpractice sounded both in contract and in tort. The practical result was that actions for damages resulting from legal malpractice prescribed only after ten years.
Reasoning similar to that of Wingate had been followed by the First Circuit until the decision in Cherokee Restaurant, Inc. v. Pierson, 428 So.2d 995 (La.App. 1st Cir. 1983). In Rayne, supra, the Third Circuit adopted the Cherokee Restaurant analysis and held that absent specific warranties of performance or result legal malpractice actions are governed by the one year tort prescriptive period. The Supreme Court in its decision in Rayne State Bank and Trust Company v. National Union Fire Insurance Company, 483 So.2d 987 (La. 1986) offered in a footnote that because the plaintiffs legal malpractice action is based solely on allegations of negligence, the application of the one year prescriptive period by the court of appeal was correct.
The resolution of the issue turns on the nature of the plaintiff's cause of action. The trial court found that the plaintiff had presented an action in tort. Although a contingency fee contract existed, no warranty of performance or result was proven. Because the contract between the parties created no specific obligations or duties on the part of the defendant, in and of itself, the duty which was owed by the defendant is that duty which arises from the law. This duty encompasses all of the provisions of the Code of Professional Responsibility which govern the practice of law. The alleged breach of contract asserted by the plaintiff is more properly characterized as a breach of the legal duties imposed on the defendant by law. Such a breach would constitute negligent behavior which is governed by the one year prescriptive period.
ISSUE TWO
Prescription for delitual actions commences to run from the date damages are sustained. La. Civil Code Art. 3537. The plaintiff alleges damages resulting from the prescription of workers compensation claims arising from an injury on August 15, 1978. Proceedings which had been instituted to assert these claims were dismissed as premature and the dismissal was affirmed on appeal on December 2, 1980. Assuming prescription of the worker’s compensation claims was interrupted up to that time, it began to run again with the rendition of that appellate decision. Upon the accrual of the one year period thereafter, by December 1981, the possible damages suffered by the plaintiff as a result of the defendant’s alleged negligence had been fully sustained. Hence the one year period within which the plaintiff could assert an action for legal malpractice commenced in December 1981.
The plaintiff’s argument that prescription of his legal malpractice claim did not commence until he had actual knowledge or notice of the prescription of the worker’s compensation claim is without merit. This issue was answered in the case of Martin v. Mud Supply Company, 239 La. 616, 119 So.2d 484 (1960), wherein the court stated:
“... Statutes of limitation are founded on public policy and are favored in the law. Mere ignorance of one’s rights will not toll the statute of limitations. Concealment by defendant only by silence is not enough. He must be guilty of some trick or contrivance tending to exclude suspicion and prevent inquiry. There must be reasonable diligence on the part of plaintiff and the means of knowledge are the same in effect as knowledge itself. * * * We know of no decision, either of controlling authority or persuasive, holding that mere ignorance on the part of the creditor will toll the statute.”
The plaintiff's argument that commencement of prescription in this case should be *253 suspended under the above analysis is not supported by the evidence presented.
However, accepting for the sake of argument that the plaintiff is correct in arguing that actual notice to the plaintiff is required, the result in this case would remain unchanged. The trial court found that the plaintiff had actual knowledge of the prescription of the workers compensation claim by April of 1982 and at the very latest by very early in June of 1982. This factual finding is supported by credible testimony and other corroborative evidence. A factual finding by the trier of fact should not be disturbed on appeal absent a showing of manifest error. Arceneaux v. Domingue 365 So2d 1330 (La.1978) We find no error. Hence, at the very latest, assuming the plaintiffs argument is correct, the plaintiffs legal malpractice action would have prescribed by very early June 1983. The plaintiff’s suit filed on July 28, 1983 comes too late.
For these reasons, the judgment of the district court sustaining the defendant’s exception of prescription and dismissing plaintiff’s suit is affirmed, at appellant’s cost.
AFFIRMED.
TEEKELL, J. Pro Tern., concurs in part and dissents in part, and assigns reasons.

. On January 1, 1984, Title XXIV of Book III of the Louisiana Civil Code was amended and reenacted. Prior to this legislative action La.Civ. Code Art. 3544 governed the prescriptive period for contracts. The prescriptive period for action based upon contracts is now found in La. Civ.Code Art. 3499.

. Prior to the amendment and re-enactment of Title XXIV of Book III of the La.Civ.Code, La. Civ.Code Art. 3536 governed the prescriptive period for tort actions. Now, La.Civ.Code Art. 3492 establishes the prescriptive period for torts.