517 So.2d 228 (1987)
Maurice WASCOM and Mary Alice Wascom
v.
STATE FARM INSURANCE CO., et al.
No. CA 86 1357.
Court of Appeal of Louisiana, First Circuit.
November 10, 1987.
Michael O. Hesse, St. Francisville, for plaintiff-appellant Maurice Wascom, et al.
Gail Sheffield, Amite, for defendant Tangipahoa Parish Police Jury.
Robert Lalley, Baton Rouge, for Dept. of Transp. and Development.
*229 Paul Anderson, New Orleans, for Sam Dileo, Jr.
Thomas Lane, and Joseph W.P. Hecker, Baton Rouge, for State Farm Ins. Co.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
ALFORD, Judge.
This is a suit for legal malpractice and damages arising out of a car accident. Plaintiffs, Maurice and Alice Wascom, sued their uninsured motorist carrier, State Farm Insurance Company, their original attorneys, Sam J. Dileo (Dileo) and Joseph W.P. Hecker (Hecker), Tangipahoa Parish and the State of Louisiana. Plaintiffs settled with and dismissed State Farm from the suit and the trial court sustained peremptory exceptions of prescription of one year as to the Parish and State, dismissing them from the suit. Dileo also filed an exception of prescription of one year and this exception was sustained by the trial court, dismissing him from the suit. Plaintiffs only appeal the trial court's judgment sustaining the exception of prescription as to Dileo.

FACTS
On June 1, 1980, plaintiffs were involved in a car accident allegedly caused by an uninsured motorist and a possible malfunctioning traffic light. On June 23, 1980, by written agreement, plaintiffs engaged the law firm of Dileo and Hecker to represent their interests arising out of the June 1, 1980, car accident. Dileo and Hecker allegedly failed to file suit on plaintiffs' behalf within the one year prescriptive period which tolled on June 1, 1981.
Plaintiffs engaged another attorney to represent them and on June 1, 1982, plaintiffs filed suit against State Farm and two fictitious attorneys, Attorney "A" and Attorney "B" of the law firm of "A" and "B", for damages from the car accident and from the failure of the attorneys to file suit on their behalf within the prescriptive period. Even though plaintiffs knew of the attorneys' identity, the attorneys were fictitiously named, presumably for reasons of professional courtesy.
Approximately 18 months later, on December 20, 1983, plaintiffs filed their first amending petition naming Dileo and Hecker as the defendant attorneys in place of Attorney "A" and Attorney "B" named in the original petition.[1] Hecker filed an answer denying plaintiffs' allegations. Dileo filed a peremptory exception of prescription of one year because he was not identified as a defendant in the suit until more than one year after the alleged negligent act of legal malpractice occurred. After taking the exception under advisement, the trial court found the one year prescriptive period applicable for delictual actions to be controlling,[2] and under this prescriptive period, plaintiffs' claim against Dileo had prescribed. Therefore, the exception was sustained and Dileo was dismissed on June 2, 1986. Plaintiffs have appealed this judgment of dismissal.

ISSUES
This case raises the question of whether this legal malpractice claim is grounded in tort or contract for the purpose of determining the applicable prescriptive period.

APPLICABLE PRESCRIPTIVE PERIOD
This court, sitting EN BANC, has previously considered the applicable prescriptive period of a legal malpractice action in Cherokee Restaurant, Inc. v. Pierson, 428 So.2d 995, 999 (La.App. 1st Cir.1983), writ *230 denied, 431 So.2d 773 (La.1983). In Cherokee, we held that:
A malpractice action against an attorney will now normally be subject to the one year prescriptive period of La.Civ.Code art. 3536.[3] However, when an attorney expressly warrants a particular result, i.e., guarantees winning a lawsuit, guarantees title to property, guarantees or warrants the ultimate legal effect of his work product, or agrees to perform certain work and does nothing whatsoever, then clearly there would be an action in contract and the ten year prescriptive period of La. Civ. Code art. 3544[4] would apply.
(Footnotes added.)
The Cherokee rule has been followed in numerous cases. McLaughlin v. Herman & Herman, 729 F.2d 331 (5th Cir.1984); Rayne State Bank & Trust Company v. National Union Fire Insurance Company, 469 So.2d 409 (La.App. 3rd Cir.1985), reversed in part on other grounds, 483 So.2d 987 (La.1986); Ragsdale v. Sanders, 488 So.2d 250 (La.App. 3rd Cir.1986), writ denied, 493 So.2d 634 (La.1986); Blanchard v. Reeves, 469 So.2d 1165 (La.App. 5th Cir.1985), writ denied, 476 So.2d 347 (La. 1985); Knighten v. Knighten, 447 So.2d 534 (La.App. 2d Cir.1984), writ denied, 448 So.2d 1303 (La.1984); Sturm v. Zelden and Zelden, 445 So.2d 32 (La.App. 4th Cir.1984).
Cherokee postulates the general rule that legal malpractice actions are governed by a one-year prescriptive period. However, Cherokee also enumerates two exceptions to the general rule, where a ten-year prescriptive period would apply: (1) when an attorney expressly warrants a particular result; or (2) when an attorney agrees to perform certain work and does nothing whatsoever. In order to decide if one of the Cherokee ten-year prescription exceptions applies, we must first determine whether plaintiffs have stated a cause of action in contract.
Plaintiffs have not alleged that Dileo and Hecker warranted any particular result. Although a contingency fee contract existed between plaintiffs and Dileo and Hecker, there was no warranty of performance or result.[5] We agree with the reasoning of the Fourth Circuit in Elzy v. ABC Insurance Company, 472 So.2d 205, 207 (La.App. 4th Cir.1985), writ denied, 475 So.2d 361 (La.1985), that a written contingent fee contract is itself inconsistent with entering into a "warranted results" contract. A reasonable lawyer does not "warrant results" when representing a client in a tort action. See Corceller v. Brooks, 347 So.2d 274 (La.App. 4th Cir. 1977), writ denied, 350 So.2d 1223 (La. 1977). Although it is true that this contractual agreement established the attorney-client relationship, this contract of employment merely gave rise to the attorney's legal duty "to exercise at least that degree of care, skill and diligence which is exercised by prudent practicing attorneys in his locality." Ramp v. St. Paul Fire and Marine Insurance Company, 263 La. 774, 269 So.2d 239, 244 (1972). Clearly, plaintiffs have not alleged a cause of action in contract on the grounds that Dileo and Hecker warranted results.
On December 20, 1983, plaintiffs filed their first amending petition, in which they alleged:

"2.
Petitioners employed attorneys Sam Dileo and Joseph W.P. Hecker of Dileo and Hecker on June 23rd, 1980 to represent them in any action necessary against any and all possible responsible parties in order to be fully and fairly compensated for damages they suffered in the accident complained of. Attorneys Sam Dileo and Joseph W.P. Hecker of *231 Dileo and Hecker failed to institute appropriate legal proceedings against liable defendants so as to protect petitioners' interest in this claim, and said defendant attorneys and law firm thereby allowed the prescriptive period within which the law allows suit to be filed against said parties to expire. A copy of said employment contract is attached hereto as `Petitioners Exhibit Number One'."
After reviewing the first amending petition and contingency fee contracts together, we find that the plaintiffs have alleged a cause of action in contract on the grounds that Dileo and Hecker were retained to represent plaintiffs in an action for the June 1, 1980, car accident[6] and Dileo and Hecker did not perform the work they were retained to do.

NONPERFORMANCE VERSUS MALPERFORMANCE
We now turn to the question of whether Dileo and Hecker's behavior amounts to nonperformance or "nothing whatsoever" and therefore a simple breach of contract governed by contract prescription of ten years, or malperformance of the contract, governed by the tort prescription of one year. In Elzy, 472 So.2d at 210, the court considered the same question and deemed it to be a close question under the facts. In Elzy, the attorney filed suit on behalf of his clients on the last day of the prescriptive period against unnamed and otherwise unidentified "officers and directors". As a consequence of the attorney's insufficient identification of defendants, the suit failed to interrupt prescription. The court stated:
"It would not be unreasonable to treat a suit against unnamed executive officers as if no suit at all. But here the lawyer did file two other proceedings in addition to this suit, in an effort (albeit without satisfactory results) to learn the names of the appropriate officers so as to be able to bring a proper suit. Plaintiff also concedes at least an hour's investigatory discussion with himself as well as photographing of his physical injuries. Though the lawyer's performance appears not to have satisfied the duty of "care, skill and diligence" that he owed the client (see Ramp, supra), we cannot say, ..., that the amount of activity shown on the client's behalf is the equivalent of no activity at all, is nonperformance rather than malperformance of the lawyer's undertaking to represent the client.
"We cannot say that the trial court erred in applying the one-year tort prescription to plaintiff's claim." (Emphasis added.)
We believe that the facts of the instant case are easily distinguished from the facts of Elzy. Here, Dileo and Hecker did not make a poor decision below their required standard of care as the attorney in Elzy did. Instead, Dileo and Hecker completely failed to take any action whatsoever to assert the plaintiffs' claims, despite their agreement to perform work under the contingency fee contract. A lawyer who agrees to represent a client in a possible tort claim undertakes a contractual obligation in favor of the client. Unless otherwise specified between them, the lawyer impliedly agrees (1) to investigate the claim to decide whether suit should be filed, and if so, (2) to determine against whom suit should be filed and (3) to file the suit against the persons determined to be proper defendants. See Elzy, 472 So.2d at 208. At the very least, the lawyer agrees to communicate with his client about the progress of the case and steps which he intends to take in the course of the litigation. There is no evidence in the record before us that Dileo and Hecker did any of these things which they agreed to do.
As the party raising the exception of prescription, Dileo had the burden of presenting sufficient evidence to support his plea. Langlinais v. Guillotte, 407 So. *232 2d 1215 (La.1981). The minutes in the record do show that a hearing was held on the prescription exception. At this hearing, Dileo was entitled to produce evidence to prove that he did perform some work under the contract. However, this was not done. There is no showing that he was in any way prevented from offering evidence had he wished to do so. We initially considered remanding the case for the introduction of additional evidence; [7] however, we conclude that to do so might produce indefinite prolongation of the litigation. We can rule on the face of the pleadings and the contingency fee contracts introduced into evidence at the hearing. A remand for the introduction of additional evidence is warranted only when this new evidence is likely to affect the outcome of the case. Herbert v. Travelers Indemnity Company, 255 La. 645, 232 So.2d 463 (La. 1970).
We hold that the ten-year prescriptive period applicable to contracts should govern in this case. If there is anything that a lawyer fundamentally engages to do in a tort suit (with or without a written contract of employment), it is to file suit on behalf of his clients. In this case, Dileo and Hecker (1) did not make a claim for payment against any defendants, (2) they did not negotiate with potential defendants, (3) they did not exchange any correspondence, (4) they did not conduct any meetings and (5) they did not file suit. We find this to be a case where the attorneys agreed to perform certain work and did nothing whatsoever. Clearly, Cherokee mandates that the ten-year prescriptive period for actions in contract governs this situation. Plaintiffs have filed suit within the ten-year prescriptive period.[8]
The trial court erred in applying the one-year tort prescription to plaintiff's claim. For the foregoing reasons, we reverse the trial court's ruling sustaining Dileo's prescription exception and the case is remanded to the trial court for further proceedings consistent with the views expressed herein. Costs of this appeal are assessed against Dileo.
REVERSED AND REMANDED.
NOTES
[1] On July 10, 1984, plaintiffs filed their second amending petition naming the parish of Tangipahoa, the Louisiana Department of Transportation and the uninsured motorist, Johannes K. Schleth, as parties defendant in the suit. The parish and state were subsequently dismissed from the suit on peremptory exceptions of prescription. Plaintiffs do not appeal this particular dismissal.
[2] La.Civ.Code art. 3492, which provides:

Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained.
[3] Now La.Civ.Code art. 3492.
[4] Now La.Civ.Code art. 3499.
[5] The contingency fee contracts specifically state:

"It is specifically understood by me (us) that Attorneys Dileo and Hecker have not given any guarantee whatsoever of any particular result flowing to [or] coming to me (us) as a result of my (our) employment of [them] in this matter either as to winning or losing the case, or of a specific dollar judgment of settlement amount (not even a "ball park figure")."
[6] The contingency fee contracts expressly provide:

"This is to certify that I, Maurice W. Wascom [and Mary Alice Wascom] residing at 205 South Bay Street, Amite, Louisiana do hereby employ and engage the Law Firm of Dileo and Hecker, Attorneys at Law, to represent me in the following matter only [:] an automobile accident on June 1, 1980 at intersection of U.S. Highway 51 and La. 1064."
[7] We are aware of an affidavit prepared by Hecker which was not introduced into evidence. However, we do not believe that the affidavit is proof enough, even if it were introduced into evidence, to show that Dileo and Hecker performed work under the contract.
[8] The ten-year prescriptive period within which plaintiffs could have asserted an action for legal malpractice commenced on June 2, 1981. Prescription was interrupted on December 20, 1983, when plaintiffs amended their petition to name and identify Dileo and Hecker as defendants.