598 So.2d 1281 (1992)
B. SWIRSKY & COMPANY, INC.
v.
Frederick R. BOTT and ABC Insurance Company.
No. 91-CA-1889.
Court of Appeal of Louisiana, Fourth Circuit.
April 30, 1992.
Rehearing Denied June 17, 1992.
Francis B. Mulhall, Metairie, for plaintiff/appellant.
Moise W. Dennery, Peter L. Koerber, Lemle & Kelleher, New Orleans, for defendants/appellees.
Before BARRY, LOBRANO and LANDRIEU, JJ.
LANDRIEU, Judge.
The issue before the court is the applicable prescriptive period in this legal malpractice claim. Appellant filed a legal malpractice and breach of contract action against his former counsel, counsel's law firm and malpractice insurer for failure to file proof of loss claim forms relative to a casualty loss by fire. The action was filed more than two (2) years after the fire loss claim prescribed under La.Rev.Stat.Ann. § 22:691 (West 1978) of the Insurance Code and more than one and one-half years after a casualty insurer formally raised the prescription issue.

FACTS:
On August 20, 1980, Allied Recycling Company's plant, located in Harahan, Louisiana, was destroyed by fire. Allied held policies of fire insurance issued by National Surety Corporation (hereinafter "National") *1282 and by Lexington Insurance Company. A year after the fire, Allied assigned its interest under the policies to B. Swirsky & Company, Inc., an affiliate of Allied.
Frederick R. Bott and the firm of Deutsch Kerrigan & Stiles were retained with regard to Allied's fire insurance claims on September 19, 1980. At a meeting on that date with insurance adjustors as well as the representatives of the client, Mr. Bott agreed to file the proof of claim forms on behalf of the insured. Despite receiving repeated requests for information on the status of the claim, Mr. Bott neither responded to his client nor took any action whatever on the file. When the client discharged him from handling this matter, he did not forward the legal files until approximately one (1) week before the claim prescribed, and then only after the Louisiana State Bar Association became involved. In his response to these complaints, Bott asserted that it was not essential to file a written proof of loss under Louisiana law since the insurer had timely notice of the claim. He indicated that his failure to act was based upon the client's failure to pay delinquent legal fees from prior representation.
Suit on behalf of the appellant and against the companies insuring the fire loss was ultimately filed by new counsel in February, 1982. In March of 1982, National moved, on the ground of prescription, for summary judgment. In March of 1983, that suit against the insurers was dismissed for failure to file within twelve (12) months from the inception of the loss, pursuant to La.Rev.Stat.Ann. § 22:691 (West 1978). Judgment in favor of the insurers was affirmed in October, 1983, and in the same month, the instant malpractice action was filed. On May 31, 1991, the district court maintained defendant's exception of prescription on the basis that the malpractice suit was filed more than one year after the date on which plaintiff's underlying casualty insurance claim prescribed.

DISCUSSION:
One of the earliest cases to consider the appropriate prescriptive period for legal malpractice was Marchand v. Miazza, 151 So.2d 372 (La.App. 4th Cir.1963). In that case, plaintiff had employed three (3) attorneys, pursuant to a written contract, to represent her in several legal matters. While concluding that the plaintiff's allegations were premature, the court noted in dictum that
[t]here are many claims that could be filed under a contract and in tort; in our opinion this is one of those claims. If the suit is predicated upon a breach of contract, then, of course, prescription would be ten years. However, if it is predicated upon tort, then the prescription would be one year.
Id. at 375. Although this claim was based on a written contract, the suggestion that legal malpractice claims may be asserted alternatively under theories of contract or tort is one (1) view. It was a view adopted in other appellate courts as well, including the first circuit. Jackson v. Zito, 314 So.2d 401 (La.App. 1st Cir.1975). Courts reasoned that the mere existence of an attorney-client relationship necessarily implied that the client could assert an action ex contractu against the attorney based upon a breach of contractual duty. Id. at 405.
However, in 1983, the First Circuit, en banc, applied the reasoning of the Louisiana Supreme Court in the medical malpractice area to legal malpractice. Cherokee Restaurant, Inc. v. Pierson, 428 So.2d 995, 997 (La.App. 1st Cir.1983), cert. denied, 431 So.2d 773 (La.1983) (citing Sciacca v. Polizzi, 403 So.2d 728 (La.1981).) In Sciacca, the Supreme Court distinguished the services of a physician from those of an engineer or mechanic, whose actions are result oriented, in concluding that a malpractice claim against a physician is essentially one in tort, unless the physician has contracted with the patient for a specific cure or result. 403 So.2d at 731. Likewise, Cherokee held that a malpractice action against an attorney should normally be subject to the one (1) year prescriptive period of La.Civ.Code Ann. art. 3536 (West 1953) [now art. 3492], unless an attorney "expressly warrants a particular result." Furthermore, the Cherokee court noted that a lawyer would "seldom" contract for *1283 or guarantee a specific result on undertaking the representation of a client. Instead, he usually agreed to render professional expertise and that degree of care, skill and diligence exercised by prudent, practicing attorneysa legal rather than a contractual duty. A breach of this duty results in a claim in tort rather than contract, according to the Cherokee court. 428 So.2d at 999. In so holding, Cherokee specifically reversed Jackson v. Zito and its progeny in the First Circuit insofar as they recognized a ten (10) year prescriptive period for the "negligent breach of contract" by an attorney. It is clear that this opinion intended to strictly limit the application of a ten (10) year prescriptive period for legal malpractice, and, according to the dissenting opinion, may have effectively eliminated contractual claims against attorneys "in the absence of a signed document expressly acknowledging a contract and containing the guaranty of an expressed result." Id. at 1000 (Ponder, J. dissenting).
In Sturm v. Zelden & Zelden, 445 So.2d 32, 34 (La.App. 4th Cir.1984), this court adopted the rule and reasoning of Cherokee. We agreed that, like the action for medical malpractice, the action for legal malpractice entails a deviation from the accepted standard of professional care. The duty to exercise professional skill and judgment required in the attorney/client relationship was deemed legal rather than contractual in nature, and a breach of this duty was found to be a tort. Therefore, it was concluded that no express warranty and no contractual duty resulted when the closing notary failed to include an "as is" clause in the act of sale, which had been stipulated in the purchase agreement.
That decision to limit the prescriptive period of legal malpractice received legislative approval in 1990. Now, La.Rev.Stat. Ann. § 9:5605 (West 1991) limits actions for damages against any attorney, whether based upon tort or breach of contract or otherwise, to one (1) year from the date of the alleged act or one (1) year from the date of the discovery of the alleged act, but, in all events, any action must be filed within three (3) years from the date of the alleged act.
Appellant, however, urges us to apply the reasoning of Cherokee to the facts of this case. It is suggested that the trial judge erred when he failed to conclude that defendant/attorney had warranted a specific result when he agreed to file proof of loss claim forms and that, by doing nothing whatsoever to protect the client's fire loss claims, he subjected his actions to a ten (10) year prescriptive period. We do not agree.
In undertaking the representation of Allied/Swirsky, Bott simply agreed to exercise that degree of care, skill, and diligence expected of a prudent, practicing attorney. The appropriateness of his representation of the plaintiff/appellant is not before us. The sole issue is whether the action against Mr. Bott, his firm and insurers was timely filed. Therefore, although Bott specifically agreed to perform a preliminary act in the pursuit of appellant's claims against its fire insurer, he did not expressly warrant a result with regard to those claims. According to Cherokee, Bott undertook a legal duty, a breach of which duty results in a claim in tort against this attorney that prescribes in one (1) year.
Furthermore, we conclude that the "do nothing whatsoever" language of Cherokee is a form of breach of a guaranty to obtain a particular result and not a separate exception to the rule that a one year tort prescription governs legal malpractice. Since we have determined that defendant/attorney did not expressly warrant a particular result, plaintiff's action for malpractice is in tort. Although the defendant/attorney may have breached a legal duty by doing nothing whatsoever on behalf of his client, such inaction alone does not subject him to an action ex contractu.
Accordingly, we affirm the judgment of the trial court.
AFFIRMED.
LOBRANO, J., dissents.
LOBRANO, Judge, dissenting.
I respectfully disagree with the majority's conclusion.
*1284 Prior to the enactment of La.R.S. 9:5605 the jurisprudence was well established that an action for legal malpractice generally lies in tort and was subject to the one year liberative prescriptive period of Civil Code Article 3492. However, there were cases which recognized a contractual period of ten years where the attorney warrants a particular result and fails to obtain that result. See for example, Anderson v. Hinrichs, 457 So.2d 225 (La.App. 4th Cir.1984), writ denied 462 So.2d 192 (La.1984). This "express warranty rule" was discussed in detail in Cherokee Restaurant, Inc. v. Pierson, 428 So.2d 995 (La.App. 1st Cir. 1983), writ denied, 431 So.2d 773 (La.1983) by our brethren of the First Circuit who stated that:
"... when an attorney expressly warrants a particular result, i.e. guarantees winning a lawsuit, guarantees title to property, guarantees or warrants the ultimate effect of his work product, or agrees to perform certain work and does nothing whatsoever then clearly there would be an action in contract and the ten year prescriptive period ... would apply." Id. at 999.
Somehow or another the above quoted language from Cherokee has resulted in the development of a sub-category of the "express warranty" rule known as the "do-nothing" rule. In Lee v. New England Insurance Co., 579 So.2d 1182 (La.App. 2nd Cir.1991), an attorney agreed to undertake the completion of a succession. The attorney received $1,850.00 but failed to show that he completed documents, filings, or took any other action in furtherance of completion of the succession. The court concluded that the attorney's failure to do anything in furtherance of what he agreed to do gave rise to an action in contrast and thus the ten year prescriptive period was applicable. Similar reasoning was applied in Wascom v. State Farm Ins. Co., 517 So.2d 228 (La.App. 1st Cir.1987) where a law firm agreed to represent plaintiffs in a personal injury action but failed to do anything.
In the instant case Bott agreed to file the proof of loss claim forms but never did. I conclude that this agreement warranted a result and is subject to a ten year prescriptive period. The fact that Bott did absolutely nothing in furtherance of his agreement supports this conclusion. This is a case of nonperformance rather than malperformance. If, for example, Bott had incorrectly filled out the forms or failed to file them with the correct parties, then a negligence theory would be applicable triggering a one-year prescriptive period. Clearly that is not the situation however. Based on my review I cannot reach any conclusion other than Bott completely failed to perform that which agreed to do.