AMERICAN MUTUAL LIABILITY IN-
SURANCE COMPANY, Plaintiff,

v.

LIONEL F. FAVRET COMPANY, Inc.
and Diboll Kessels and Associates, a
Partnership, and Collins C. Diboll, Jr.,
and Jack J. H. Kessels, the Individual
Partners, and ABC Insurance Company
and XYZ Insurance Company, Defend-
ants.

Civ. A. No. 12784, Division D.

United States District Court
E. D. Louisiana,
New Orleans Division.

Dec. 18, 1963.

Christovich & Kearney, A. R. Christo-
vich, Sr., New Orleans, La., for plaintiff.

Sanders, Miller, Downing, Rubin &
Kean, Alvin B. Rubin, Baton Rouge, La.,
for defendants Diboll Kessels and Asso-
ciates, a partnership, and Collins C. Di-
boll, Jr., and Jack J. H. Kessels, the in-
dividual partners.

Hammett, Leake & Hammett, Robert
E. Leake, Jr., New Orleans, La., for de-
fendant Lionel F. Favret Co., Inc.

AINSWORTH, District Judge:

On October 22, 1961, the suspended
ceiling of the Nola Theatre, located in
the City of New Orleans, fell thereby
causing physical injuries to a number
of the theatre's patrons. Plaintiff,
American Mutual Liability Insurance
Company, is the legal and conventional
subrogee of United Theatres, Inc., own-
er and operator of the theatre and is
the assignee of the claimants who have
been paid for the injuries sustained when
the ceiling fell. It has filed this diver-
sity action against defendants. The Nola
Theatre was erected in 1941 by Lionel
F. Favret, the predecessor of the defend-
ant, Lionel F. Favret Company, Inc., as
contractor, and Diboll Kessels and Asso-
ciates, as architects. The building was
accepted by the owner on October 9, 1941.

Defendants have moved for sum-
mary judgment and dismissal for fail-
ure to state a claim. Movers contend
that plaintiff's action has prescribed un-

der Louisiana law, citing as authority for their position LSA–Civil Code Articles 2762 and 3545 which provide a ten-year period in which an action may be brought against a contractor or an architect. LSA–Civil Code Article 2762 provides that "If a building, which an architect or other workman has undertaken to make by the job, should fall to ruin either in whole or in part, on account of the badness of the workmanship, the architect or undertaker shall bear the loss if the building falls to ruin in the course of ten years, if it be a stone or brick building, and of five years if it be built in wood or with frames filled with bricks." LSA–Civil Code Article 3545 provides that "The action against an undertaker or architect, for defect or [of] construction of buildings of brick or stone, is prescribed by ten years." Defendants argue that the phrase "The action" as used in Article 3545 means that no action *of any kind* may be brought after ten years have elapsed from the date of acceptance of the building. Plaintiff contends that this is a tort action and therefore Article 3537 of the LSA–Civil Code controls, which provides a prescription for a tort action in Louisiana of one year from the date of the injury. We agree.

This action sounds in tort, not in contract. Prescription and the date on which it begins to run are governed by Article 3537 unless it can be shown that some other article is applicable.

■ On a close reading of Article 2762, it is apparent that it does not apply here. The article is found in the LSA–Civil Code under the section entitled "Letting Out Labor Or Industry." We hold that this article is determinative only of the liabilities of the contractor or architect to an owner and does not re-late to claims of third persons. Planiol,[1] Volume 2, Nos. 1909–1917 at 1915 in footnote 12, states that this article establishes a presumption "of fault for certain determined cases." There is no case cited to the court nor has our research uncovered one involving a suit for damages for personal injuries by third persons. All of the decided cases are concerned with suits by the owner against the contractor or architect.

■ The question of whether or not the action brought in this suit is prescribed by ten years as set out in Article 3545 is therefore one of first impression. No Louisiana decisions are available which are decisive of this issue. We are therefore required under such circumstances to interpret the law of Louisiana. Markham v. Allen, 326 U.S. 490, 66 S. Ct. 296, 90 L.Ed. 256 (1946); Akin v. Louisiana National Bank of Baton Rouge, 5 Cir., 1963, 322 F.2d 749. A review of the history of the codal article does not show that this article was intended to apply to the tort action of third persons. Planiol, Volume 2, Nos. 1909–1917, discusses this question of prescription only with regard to actions against a contractor or architect. Nowhere in this treatise does the author raise the issue of the prescription of an action by a third party against the contractor or architect for personal injuries. The treatise discusses Article 3545 in conjunction with Article 2762[2] and is only concerned with actions between the owner and the contractor or the architect. The law reviews found relating to this article also discuss it with Article 2762 and consider its effect only as it relates to the owner and the contractor. 7 Louisiana Law Review 564; 19 Louisiana Law Review 221

1. Planiol, Marcel (1853–1931), was the author of Traite Elementaire De Droit Civil. This work is considered an authority on the civil law. This noted commentator on the Code Napoleon has, since the publication of his treatise, been held in high esteem by the courts and bar both in France and in Louisiana. (See Preface to the 12th Edition of Traite Elementaire De Droit Civil.)

2. Historically Articles 2762 and 3545 of the LSA–Civil Code are derived from Articles 1792 and 2270 of the Code Napoleon, respectively. The cited Louisiana codal articles are substantially similar to their original French sources.
Article 1792 of the Code Napoleon read as follows:
"If the edifice, built at a set price, perish in whole or in part by defect in its

In Louisiana, until 1958, a contractor or architect was not liable to a third party for injuries caused by his negligent workmanship. See Schott v. Ingargolia, Orleans App., 1938, 180 So. 462. In Marine Insurance Co. v. Strecker, 234 La. 522, 100 So.2d 493 (1958), the Louisiana Supreme Court overruled Schott and allowed a third party to sue the contractor or architect in tort for his negligence. It is clear from the foregoing that "The action" in Article 3545 did not include nor did it contemplate tort actions brought by third persons. In the Strecker case the Louisiana Supreme Court held that the obligation of the contractor to third parties arises under Article 2315 of the Civil Code and the injured party has a right to enforce the obligation imposed by that article. There was no mention that the obligation and the right of action arose under Article 2762 or would be affected by any provision other than Article 2315.

 Article 3470 of the LSA–Civil Code states "There are no other prescriptions than those established by this Code and the statutes of this State now in force." In order for a party successfully to plead prescription as a bar to an action it must be shown that the prescription is clearly applicable to the particular case. Prescriptive statutes are strictly construed, and the facts of the case must bring the action clearly within the specific provisions of the law sought to be applied. United Carbon Co. v. Mississippi River Fuel Corp., 230 La. 709, 89 So.2d 209 (1956). As stated previously, this is a tort action and the prescriptive period therefor is one year from the date of the injury. Movers have failed to show clearly that Articles 2762 and/or 3545 are applicable to the case at bar. It is our opinion that these articles do not contemplate or set forth a prescriptive period for a tort action of third persons but rather control the relationship between the contractor or architect and the owner of a building.

The motions of the defendants for summary judgment and for dismissal for failure to state a claim are therefore denied.

construction, even by defect in the foundation the architect and the contractor are responsible therefore (sic) for 'ten years.' "

Article 2270 of the Code Napoleon read as follows:

"After ten years, architects and contractors are discharged from the warranty of workmanship performed or directed by them by estimate."

It is obvious that the original French Code articles were dealing with obligations between owner and contractor or architect.