**Bernard McLAUGHLIN,
Plaintiff-Appellant
Cross-Appellee,**

v.

**HERMAN & HERMAN,
Defendant-Appellee,**

**and**

**Lanny R. Zatzkis, Defendant-Appellee
Cross-Appellant.**

**No. 83–3023.**

United States Court of Appeals,
Fifth Circuit.

April 6, 1984.

J. Courtney Wilson, New Orleans, La., for McLaughlin.

Lemle, Kelleher, Kohlmeyer & Matthews, H. Martin Hunley, Jr., C. William

**332**

Bradley, Jr., New Orleans, La., for Herman & Herman.

Fawer, Brian, Hardy & Zatzkis, Lynne W. Wasserman, Francis R. White, III, Jerome K. Lipsich, Jack M. Alltmont, New Orleans, La., for Lanny Zatzkis.

Before CLARK, Chief Judge, BROWN and HIGGINBOTHAM, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

This is a Louisiana diversity suit alleging legal malpractice. The plaintiff filed suit more than one year but less than ten years after discovering the alleged acts of malpractice. The District Court dismissed the suit by summary judgment, holding that the one year prescription for tort actions applied to legal malpractice claims, and therefore the action had prescribed. Because we agree that the one year prescriptive period for torts is applicable to this case, we affirm.

The District Court reached no issue other than the applicability of the one year prescription. The parties all agreed in open court that the suit was filed more than one year after the plaintiff's asserted action for legal malpractice accrued. Thus, the only question before us is whether legal malpractice suits are governed by the one year tort prescription of La.Civ.Code Ann. art. 3536 [1] or by the ten year prescription of contract claims found in art. 3544 [2]

Although the Louisiana circuit courts are divided on this issue, the Louisiana Supreme Court has on several recent occasions denied review. *Cherokee Restaurant, Inc. v. Pierson*, 428 So.2d 995 (La.

App. 1st Cir.1983), *writ denied* 431 So.2d 773 (La.1983). *Wingate v. National Union Fire Ins.*, 435 So.2d 594 (La.App. 3d Cir.1983), *writ denied* 440 So.2d 762 (La. 1983).[3] Accordingly, we must apply the law as it has been interpreted by the highest state court to rule on the matter. *Birmingham Fire Ins. v. Winegardner and Hammons Inc.*, 714 F.2d 548, 550 (5th Cir. 1983).

In *Sciacca v. Polizzi*, 403 So.2d 728 (La. 1981), the Louisiana Supreme Court held that a medical malpractice action sounds in tort and is subject to the one year prescription, unless the physician has contracted with the patient for a specific cure or result. A Louisiana trial court applied *Sciacca* by analogy to legal malpractice claims, but was reversed by the Third Circuit. *Wingate v. National Union Fire Ins. Co.*, 435 So.2d 594 (La.App. 3d Cir.1983). The *Wingate* court held that attorneys were not in the same position as physicians, because the Legislature had made a special enactment for doctors, *see* LSA, RS 9:5628, but not for lawyers. Thus, the Third Circuit applied its pre-*Sciacca* appellate authority, without discussing the effect of the Supreme Court's reasoning in *Sciacca*.

The First Circuit, in contrast, held that the reasoning of *Sciacca* was directly applicable to legal malpractice claims. *Cherokee Restaurant, Inc. v. Pierson*, 428 So.2d 995 (La.App. 1st Cir.1983). *Cherokee* relied on *Sciacca*'s extensive quotation from Judge Wisdom's opinion in *Kozan v. Comstock*, 270 F.2d 839 (5th Cir.1959), in which he explained that the standard of care owed by a physician to his patient is one imposed by law, regardless of any contract providing or dispensing with such duty. The First Circuit in *Cherokee* found medi-

---

1. Art. 3536 provides in relevant part:
   The following actions are also prescribed by one year: That ... for damages caused by ... or resulting from offenses or quasi offenses. Effective January 1, 1984 the substance of article 3536(1) was reenacted in article 3492 without any change in the law. Louisiana cases on article 3536(1) remain relevant. La. Civ.Code Ann. Art. 3492 & Comment (2) (West Supp.1984).

2. Art. 3544 provides:
   In general, all personal actions, except those before enumerated, are prescribed by 10 years.

3. In *Sincox v. Blackwell*, 672 F.2d 423 (5th Cir. 1982), this Court certified the identical question to the Louisiana Supreme Court. However, before a response was received, the case was settled. Accordingly, certification was withdrawn and the appeal dismissed. 678 F.2d at 585.

cal and legal malpractice to be identical in this respect. "Both entail a deviation from the accepted standard of care of the profession.... This duty is legal rather than contractual." 428 So.2d at 998. Thus, the First Circuit rule was set out:

> A malpractice action against an attorney will now normally be subject to the one year prescriptive period of La.Civ. Code art. 3536. However, when an attorney expressly warrants a particular result, i.e., guarantees winning a lawsuit, guarantees title to property, guarantees or warrants the ultimate legal effect of his work product, or agrees to perform certain work and does nothing whatsoever, then clearly there would be an action in contract and the ten year prescriptive period of La.Civ.Code art. 3544 would apply.

*Id.* at 999.

More recently, the Louisiana Fourth Circuit was faced with the identical issue and adopted entirely the rule and the reasoning of *Sciacca* and *Cherokee. Sturm v. Zelden and Zelden,* 445 So.2d 32 (La.App. 4th Cir.1984); *Knighten v. Knighten,* 447 So.2d 534 (La.App. 2d Cir.1984).

■■■ Thus, the Third Circuit's *Wingate* opinion is in direct conflict with the decisions of the First and Fourth Circuits and also with the federal District Court's decision in *Sincox v. Blackwell,* 525 F.Supp. 96, 99 (W.D.La.1981). We believe that the Louisiana Supreme Court would conclude that *Wingate* did not properly consider the effect of the Louisiana Supreme Court's opinion in *Sciacca,* and therefore we apply the above quoted rule of *Cherokee.* Hence, the District Court was correct in holding that the one year prescription applies to legal malpractice claims in the absence of a promise to achieve a specific ultimate legal result.

The contention by the plaintiff that, even under *Cherokee,* the ten year prescription applies to this case because the attorney agreed to perform certain work and did "nothing whatsoever" is conclusively refuted by his own admissions. The plaintiff retained the attorney to seize equipment in Louisiana under a New Jersey judgment. The plaintiff concedes that the attorney effected the seizure and purchased the equipment at a sheriff's sale on plaintiff's behalf. He also admits that the attorney drafted a sales contract and note by which the attorney sold the equipment for plaintiff on an installment basis. Clearly, the attorney did perform substantial legal services.

. Nor is there any allegation that, if proven, would show that the attorney expressly warranted an ultimate legal effect of his work product. *Cherokee* very narrowly limited this exception to the one year prescription to instances "when an attorney expressly warrants a particular legal result, i.e., guarantees winning a lawsuit, guarantees title to property, [or] guarantees or warrants the ultimate legal effect of his work product." 428 So.2d at 999. The ultimate effect of the attorney's representation would be payment of the debt. Although plaintiff's original complaint stated that it had been agreed that the attorney was to prepare a contract of sale of the seized equipment and "was to insure" that payments were made by the buyer, this allegation was specifically abandoned in plaintiff's counter affidavit in opposition to summary judgment: "I hired [the attorney] to monitor the payment not to insure that payment." Moreover, plaintiff does not argue on appeal that the attorney warranted payment by the buyer for the equipment. Thus, this claim was not within the narrow exception to the one year prescription of claims for legal malpractice in Louisiana.

■■■ We further find no error in the District Judge's application of *Cherokee* retroactively. The Louisiana Supreme Court recently explained:

> generally, unless a decision specifies otherwise, or its retroactive application would produce substantial inequitable results, it is to be given prospective *and* retroactive effect. *Cipriano v. City of Houma,* 395 U.S. 701, 89 S.Ct. 1897, 23 L.Ed.2d 647 (1969); *Lovell v. Lovell,* 378 So.2d 418 (La.1979). We are guided in our determination of whether a decision

should *not* be applied retroactively by certain factors previously noted in our decision in *Lovell v. Lovell, supra,* which relied on the United States Supreme Court decision in *Chevron Oil Company v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). In *Lovell* we stated:

(1) the decision to be applied non-retroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed; (2) the merits and demerits must be weighed in each case by looking to the prior history of the rule in question, its purpose and effect and whether retrospective application will further or retard its operation; and (3) the inequity imposed by retroactive application must be weighed.

*Harlaux v. Harlaux,* 426 So.2d 602, 604 (La.1983).

The rule of *Cherokee* and *Sturm* is within the general rule, rather than the exception, and therefore should be applied prospectively and retroactively. *Cherokee* did not overrule clear past precedent. The one year tort rule was clearly foreshadowed in *Ramp v. St. Paul Fire and Marine Ins. Co.,* 263 La. 774, 269 So.2d 239 (1972), *Vessel v. St. Paul Fire and Marine Ins. Co.,* 276 So.2d 874 (La.App. 1st Cir.1973), and *Corceller v. Brooks,* 347 So.2d 274 (La.App. 4th Cir.1977), all of which characterized a legal malpractice claim as sounding in tort. As to the purpose of the rule, *Sciacca* declared that "statutes of limitation are remedial in nature and are generally applied retroactively." 403 So.2d at 729. Thus, *Sciacca,* although resolving a split in the circuits when it held the one year period applicable to medical malpractice, applied its rule retroactively to the plaintiff before it. *Cherokee* did likewise, and so do we. Accordingly, the District Court properly dismissed on this basis without reaching the merits.

AFFIRMED.