**MERCHANTS NATIONAL BANK & TRUST CO. OF INDIANAPOLIS, Plaintiff–Appellant,**

v.

**SMITH, HINCHMAN & GRYLLS ASSOCIATES, INC. and The Mathes Group, Defendants–Appellees.**

No. 88–3716.

United States Court of Appeals, Fifth Circuit.

July 7, 1989.

Harvey C. Koch, Koch & Rouse, New Orleans, La., Melvin R. Daniel, David H. Kleiman, Dann, Pecar, Newman, Talesnick & Kleiman, P.C., Indianapolis, Ind., for plaintiff-appellant.

Howard L. Murphy, Victor E. Stilwell, Jr., Deutsch, Kerrigan & Stiles, New Orleans, La., for the Mathes Group and Smith, Hinchman & Grylls Ass'n, Inc.

Before WISDOM, KING, and WILLIAMS, Circuit Judges.

WISDOM, Circuit Judge:

In this case we decide that the Louisiana one-year prescriptive period for torts governs this third party action against architects for economic loss.

### I

The plaintiff, as assignee of Robbins Electric Co., Inc., seeks recovery against the defendants, architects, for Robbins's economic losses incurred as a result of defects and deficiencies in the defendants' architectural plans and specifications for the construction of the Fort Polk Army Hospital.

The defendants, Smith, Hinchman & Grylls Associates, Inc. and The Mathes Group, as joint venturers, provided the designs and plans for the hospital under their contract with the United States Army Corps of Engineers (Corps). The Corps awarded the construction contract to Algernon Blair, Inc. (Algernon) on September 25, 1978. On December 7, 1979, Algernon subcontracted the electrical work for the project to Robbins. Under the contract Robbins was to receive $5,233,339.

After the construction contracts were entered into, the architects made numerous changes and corrections in their drawings and specifications. By October 1979 Robbins knew that 800 of the drawings had been revised and as a result its job site personnel and facilities had to be increased substantially. During 1980 and 1981, Robbins made several requests to Algernon

and the Corps for additional compensation for cost overruns caused by the changes in the plans. On October 22, 1981, Algernon and the Corps agreed to increase the amount of Robbins's subcontract by $651,867.

The Corps accepted the hospital on August 17, 1983. It is undisputed that Robbins knew before the hospital was completed, and certainly more than one year before this suit was filed on August 21, 1987 that it had not been compensated for substantial economic losses it suffered as a result of the extensive revisions made in the architectural plans.

## II

The plaintiff sued the architects seeking recovery on tort and contract grounds. The district court initially granted the defendants' motion for summary judgment on the contractual claim because of the lack of privity between Robbins and the architects. With regard to the plaintiff's delictual claim, however, the court noted that because of the overlap in coverage of Louisiana Civil Code Article 3492's one-year prescriptive period for tort suits and article 3500's ten-year period for certain suits against architects and contractors, it was appropriate to resolve doubt in favor of the plaintiff and apply the ten-year period of article 3500. On the defendants' motion to reconsider, after carefully analyzing the scope of article 3500 in the light of related article 2762, the court concluded that the one-year period for torts of article 3492, not the ten-year period of article 3500, is applicable to the plaintiff's claim for economic loss. The district court therefore granted summary judgment in the defendants' favor on the tort claim as well.

Because the applicability of prescriptive periods is a question of law, we make an independent review of the law. That the district court's conclusion on rehearing differed from its initial determination is illustrative of the lack of clarity in the codal provisions. We are mindful, however, that in reconsidering the prescription issue the court was aided by the defendants' briefing on the applicability of article 3492, a question not addressed in their memorandum in support of their summary judgment motion.[1] To resolve the prescription question, we consider the applicability of the general one-year period for torts of article 3492, the ten-year period of article 3499 for personal actions, and the ten-year period of article 3500 and La.Rev.Stat.Ann. § 9:2772 for certain tort suits against contractors and architects.

## III

To determine which prescriptive period governs the plaintiff's delictual claim we first look to the type of injury sustained and the nature of the duty breached. It is undisputed that Robbins, the electrical subcontractor, incurred economic loss in the form of substantial job cost overruns as a result of the numerous alterations made to the defendants' architectural drawings and specifications. According to the plaintiff, the revisions were necessary to correct defects and deficiencies in the plans and specifications. Courts have recognized that under Louisiana law a contractor or subcontractor may bring an action in tort for economic loss caused by an architect's failure to provide adequate plans or specifications.[2]

There are no Louisiana appellate or supreme court decisions addressing the question of the proper prescriptive period governing a tort action against an architect for economic loss. Several courts have considered, however, whether the one-year period for torts of article 3492 or the ten-year period for personal actions of article 3499 governs tort suits against physicians and

**1.** Mem.Op. at 3 n. 4.

**2.** See, e.g., Milton J. Womack, Inc. v. House of Representatives of Louisiana, 509 So.2d 62, 67 (La.Ct.App. 1st Cir.1987), writ denied, 513 So.2d 1208, 1211 (La.1988); Gurtler, Herbert & Co. v. Weyland Machine Shop, Inc., 405 So.2d 660, 662 (La.Ct.App. 4th Cir.1981); C.H. Leavell & Co. v. Glantz Contracting Corp. of La. Inc., 322 F.Supp. 779 (E.D.La.1971). See also Lumber Products, Inc. v. Hiriart, 255 So.2d 783, 787 (La.Ct.App. 4th Cir.1972).

attorneys. In *Sciacca v. Polizzi*,[3] the Louisiana Supreme Court held that an action for medical malpractice sounds in tort and is governed by the one-year tort prescriptive period of Civil Code article 3492 unless the physician has contracted with the patient for a specific cure or result. Courts also agree that under Louisiana law, unless an attorney warrants a specific result and fails to achieve it or agrees to do certain work and fails to perform it, a client's action for legal malpractice sounds in tort and is subject to the one-year prescriptive period for tort actions of article 3492.[4]

This Court in *McLaughlin v. Herman & Herman*,[5] addressed the attorney malpractice prescription issue at a time when there was still some doubt about the applicable period.[6] In *McLaughlin* we noted that in determining that the one-year period of article 3492 applies to legal and medical malpractice claims, the Louisiana courts relied on this Court's explanation in *Kozan v. Comstock*[7] that the standard of care a physician or attorney owes to his patient or client is one imposed by law, regardless of any contract.[8] Only if there is a contractual arrangement would the ten-year period of article 3499 apply.

The nature of an architect's duty to a contractor with whom he is not in privity was addressed recently by a Louisiana appellate court in *Milton J. Womack, Inc. v. House of Representatives of Louisiana*.[9] In *Womack* a contractor sued an architectural firm seeking to recover an amount equal to the "early completion incentive payment" the contractor would have received if the project had been timely completed. The court concluded that the architects were liable because their failure to "take reasonable steps to determine the location of structual elements involved in [their] renovation plans" delayed the completion date.[10] The court noted that although an architect does not owe a duty to provide perfect plans he is bound to exercise the degree of professional care and skill customarily employed by other architects in the same general area.[11] An architect is judged by the same standard of care as other professionals such as attorneys and physicians.[12]

■ We agree with the reasoning of *Womack* following the decisions in the legal and medical malpractice area, and therefore conclude that Civil Code article 3499's residual ten-year prescriptive period for personal actions does not apply to the plaintiff's claim.[13] Article 3492 is the gen-

---

3. 403 So.2d 728 (La.1981).

4. *See, e.g., McLaughlin v. Herman & Herman,* 729 F.2d 331 (5th Cir.1984); *Rayne State Bank & Trust Co. v. National Union Fire Ins. Co.,* 483 So.2d 987, 993 n. 10 (La.1986); *Newsome v. Boothe,* 524 So.2d 923 (La.Ct.App. 2d Cir.1988); *Edward J. Milligan, Jr., LTD v. LaCAZE,* 509 So.2d 726, 728 (La.Ct.App. 3d Cir.), *writ denied,* 512 So.2d 440 (1987); *Ragsdale v. Sanders,* 488 So.2d 250 (La.Ct.App. 3d Cir.1986), *writ denied,* 493 So.2d 634 (1986); *Cherokee Restaurant, Inc. v. Pierson,* 428 So.2d 995 (La.Ct.App. 1st Cir. 1983), *writ denied,* 431 So.2d 773 (La.1983).

5. 729 F.2d 331 (5th Cir.1984).

6. Although most Louisiana appellate courts agreed that the one-year tort prescriptive period applies to claims for legal malpractice, the third circuit in *Wingate v. National Union Fire Ins. Co.,* 435 So.2d 594 (La.Ct.App. 3d Cir.), *writ denied,* 440 So.2d 762 (La.1983) held that legal malpractice sounded in tort and contract and thus prescribed in ten years.

7. 270 F.2d 839 (5th Cir.1959).

8. 729 F.2d at 332–33 (citing *e.g., Cherokee Restaurant, Inc. v. Pierson,* 428 So.2d 995 (La.Ct. App. 1st Cir.1983); *Sturm v. Zelden & Zelden,* 445 So.2d 32 (La.Ct.App. 4th Cir.1984)). *See also Ragsdale v. Sanders,* 488 So.2d 250, 252 (La.Ct.App. 3d Cir.1986), *writ denied,* 493 So.2d 634 (1986).

9. 509 So.2d 62 (La.Ct.App. 1st Cir.1987), *writ denied,* 513 So.2d 1208, 1211 (La.1988).

10. *Id.* at 67.

11. *Id.* at 64–65 (citing *Calandro Development, Inc. v. R.M. Butler Contractors, Inc.,* 249 So.2d 254 (La.Ct.App. 1st Cir.1971)).

12. *Id.* at 65 (citing *e.g., Pittman Constr. Co. v. City of New Orleans,* 178 So.2d 312, 321 (La.Ct. App. 4th Cir.1965)).

13. During oral argument the plaintiff's counsel referred to an official comment to Civil Code article 3500 which provides a ten-year prescriptive period for particular types of tort suits against contractors and architects. The comment states that the new article does not change

eral article governing prescription of delictual actions; thus, because this type of personal action has been provided for in legislation, the catchall provision of article 3499 is inapplicable.

## IV

■ The general one-year tort prescriptive period of article 3492 would be inapplicable, however, if there is another prescription law specifically covering the plaintiff's claim in this case.[14] The plaintiff argues that Civil Code Article 3500 and La.Rev. Stat.Ann. § 9:2772 provide an exception to the general rule of article 3492 for the type of tort suit involved here. Article 3500 provides:

> An action against a contractor or an architect on account of defects of construction, renovation, or repair of buildings and other works is subject to a liberative prescription of ten-years.[15]

Article 3500 arguably expanded the types of construction work included; its predecessor, article 3545 of the Louisiana Civil Code of 1870, did not apply to defects in renovation or repair of buildings.[16] Despite an official comment stating that arti-

cle 3500 does not change the law, the plaintiff argues that because former article 3545 referred to "the" action and article 3500 uses "an" action the new article broadens both the variety of delictual actions and the categories of parties covered by this ten-year prescriptive period. The plaintiff points out that new article 3500 potentially conflicts with article 2762 which provides a five-year prescriptive period for an action against architects and contractors for ruin of a wood or brick filled building resulting from poor workmanship. Notwithstanding this inconsistency, the legislature declined to repeal article 2762.[17] Although the future effect of article 2762 may be in doubt because of the expanded scope of article 3500, the language of article 2762 and its history continue to provide guidance regarding the scope and applicability of article 3500.[18]

Louisiana Civil Code articles 2762 and 3500 and their predecessors are derived from two similar articles of the French Civil Code.[19] Civil law commentators agree that parallel French articles 1792 and 2270 contemplate as plaintiffs only the owners of buildings.[20] Moreover, the owner's

---

the law because "an action against a contractor or an architect on account of defects of construction, renovation, or repair of buildings or other works is a personal action subject to a liberative prescription of ten years". La.Civ. Code Ann. art. 3500 Comment (a) (West Supp. 1989). Assuming arguendo that the plaintiff's claim fits within the action described, we reject counsel's suggestion that the comment means that absent article 3500 the ten-year period for personal actions in 3499 would apply. Article 3500 modified slightly the language of its predecessor, article 3545 of the Civil Code of 1870, which was repealed in 1983. It is article 3545 and not 3499, or its predecessor, article 3545, that provided the ten-year period for the action described in comment a to article 3500.

**14.** *Lyman v. Town of Sunset*, 500 So.2d 390, 392 (La.1987) ("[W]hen two conflicting statutes are applicable to the same situation, the one more specifically directed to the matter at issue must prevail an exception to the more general statute."); *Smith v. Cajun Insulation Co.*, 392 So.2d 398 (La.1980). *See also* Comment, *Revision of the Civil Code Provisions on Liberative Prescription*, 60 Tul.L.Rev. 379, 400 (1985).

**15.** La.Civ.Code Ann. art. 3500 (West Supp.1989).

**16.** Article 3545 was limited to buildings made of brick and stone. La.Civ.Code art. 3545 (West Comp. ed. 1972).

**17.** Comment, *supra* note 14, at 401.

**18.** *See, e.g., American Mutual Liability Ins. Co. v. Lionel F. Favret Co.*, 224 F.Supp. 477 (E.D.La. 1963); *Orleans Parish School Board v. Pittman Constr. Co.*, 261 La. 665, 260 So.2d 661, 665–66 (La.1972).

**19.** *Pittman Constr. Co.*, 260 So.2d at 665–66; La.Civ.Code Comp.Ed. at 262, 705–06 (West 1972); *American Mutual Liability Ins. Co. v. Lionel F. Favrot Co., Inc.*, 224 F.Supp. 477, 478–79 n. 2 (E.D.La.1963).
    Doctrinal writings on the French articles are important to our interpretation of the Louisiana provisions. Tate, *Techniques of Judicial Interpretation in Louisiana*, 22 La.L.Rev. 727, 739–43 (1962). *See* Baudry-Lancantinerie & Tissier, 5 Civil Law Translations at 353–54 (La.St.L.Inst. 1972); M. Planiol, 2 Traite Elementaire, de Droit Civil, at 147–48 (11ed 1939, La.St.L.Inst. Trans.1959).

**20.** The French articles also apply to other "large works" of construction. *See* C. civ. art. 2270; M. Planiol, *supra* note 19, at 149.

cause of action against the architect or contractor under French articles 1792 and 2270 is contractual in nature.[21] Baudry–Lancantinerie & Tissier point out that actions against contractors and architects for damages caused to third parties are governed by the general prescriptive period for torts.[22] We are mindful that the French Civil Code article governing torts, article 1382, corresponds to Louisiana tort article 2315.[23] Having reviewed the history of Louisiana articles 2762 and 3500, a federal district court concluded that the actions and parties contemplated in those provisions is the same as that covered by the corresponding French Civil Code articles.[24] Louisiana case law supports an analogous construction of this aspect of these articles.[25]

The plaintiff relies on dictum in a state appellate court decision in arguing that the ten-year period of article 3500 and La.Rev. Stat.Ann. § 9:2772 is applicable to its third party tort suit for economic loss caused by the architects' negligence. *Elnagger v. Fred H. Moran Construction Corp.*[26] was a suit brought by a purchaser against, among others, the designer of the plaintiff's house to recover a portion of the purchase price paid. The purchaser alleged that redhibitory vices in the house were caused in part by the designer's malpractice or negligence. The court concluded that because the designer's role did not involve preparation of specifications to be followed in the construction phase, he did not function as an "architect" within the meaning of articles 2762 and 3545 and La. Rev.Stat.Ann. § 9:2772.[27] The one-year prescriptive period of article 3492 for delictual actions therefore, applied to the plaintiff's action. Although the court arguably entertained the idea that the ten-year prescriptive period might apply to the plaintiff's suit for *quanti minoris*,[28] it did not reach that issue.

More importantly, however, the facts of *Elnaggar* are not analogous to this case. First, that suit was brought by the *owner* of the house. Second, the designer's negligence caused *structual* damage to the house. In short, *Elnaggar* involved the type of action contemplated by articles 2762 and 3500. In the instant case the injured party is a subcontractor, not the owner, and the loss suffered, job cost overruns, is purely economic; there are no defects or vices in the physical structure of the hospital. All of the cases in which articles 2762 and/or 3500 were held to be applicable involved damages resulting from a defect in the building or work constructed or renovated. We conclude that plaintiff's suit, a third-party action for economic loss caused by the architects' negligence, falls outside the purview of article 3500.

## V

Finally, we consider whether La.Rev. Stat.Ann. § 9:2772 independently provides a ten-year prescriptive period for the plaintiff's claim. Section 9:2772 provides in part:

---

**21.** M. Planiol, *supra* note 19, at 148; Baudry–Lancantinerie & Tissier, *supra* note 19, at 354.

**22.** Baudry–Lancantinerie & Tissier, *supra* note 19, at 354.

**23.** *Id.;* La.Civ.Code Ann. art. 2315 (West 1979). Actions governed by Louisiana article 2315 prescribe in one year under La.Civ.Code Ann. art. 3492 (West Supp.1989).
   A third party's right to sue a contractor in tort under article 2315 for damages resulting from poor workmanship was recognized by the Louisiana Supreme Court in *Marine Ins. Co. v. Strecker,* 234 La. 522, 100 So.2d 493 (1958).

**24.** 224 F.Supp. 477, 478–79 (E.D.La.1963) (citing *e.g.,* Comment, *Building Contracts in Louisiana,* 7 La.L.Rev. 564 (1947)); Note, *Torts—Construc-*

*tion and Repair—Liability to Third Persons After Acceptance of Work By Owner,* 19 La.L.Rev. 221 (1958).

**25.** *See, e.g., Orleans Parish School Bd. v. Pittman Construction Co.,* 261 La. 665, 260 So.2d 661, 665–67 (1972).

**26.** 468 So.2d 803 (La.Ct.App. 1st Cir.1985).

**27.** *Id.* at 810.

**28.** A suit in quanti minoris is an action brought for a reduction in price because of a defect in the item sold. Ballantine's Law Dictionary 1036 (3d ed. 1969). If the defect is so substantial that it renders the item useless for the purpose it was intended then an action in redhibition is proper. La.Civ.Code Ann. art. 2520 (West 1952).

(A) No action, whether ex contractu, ex delicto, or otherwise, to recover on a contract or to recover damages shall be brought against any person performing or furnishing ... the design, planning, supervision, inspection, or observation of construction [of] ... immovable property: (1) More than 10 years after the date of registry in the mortgage office of acceptance of the work by owner;

\* \* \* \* \* \*

(B) The causes which are preempted within the time described above include any action:

(1) For any deficiency in the performing of land surveying services, ... including but not limited to those prepatory to construction or in the design planning, inspection or observation of construction....

\* \* \* \* \* \*

This preemptive period shall extend to every demand whether brought by direct action or for contribution or indemnity or by third-party practice, and whether brought by the owner or by any other person.

La.Rev.Stat.Ann. § 9:2772 (West Supp. 1989).

When read in isolation the language of section 9:2772 arguably is broad enough to cover the plaintiff's delictual action, but we must interpret this statute with reference to the other laws on the same subject,[29] namely articles 2762 and 3500. In doing so we are guided by the rule, not confined to Louisiana, that a law susceptible of different meanings must be interpreted as having the meaning that best conforms to the purpose of the law.[30] Section 9:2772 does not purport to create a cause of action. It was enacted to clarify the principle that the ten-year period provided for in articles 2762 and 3500 is preemptive[31] and to resolve confusion in the law regarding when the limitation period begins to run.[32] An official comment to article 3500 states explicitly that section 9:2772 governs the commencement of the limitation period set forth in that article.[33]

The plaintiff is unable to point to any cases applying section 9:2772 to a cause of action outside the scope of article 2762 or 3500. We decline to do so here. The ten-year period allowed by article 3500 is considered necessary because defects and vices in the structure of an ediface may not manifest themselves until long after work is completed; it is the time for "testing the solidity of the house".[34] Robbins's cost overruns resulting from

---

**29.** La.Civ.Code Ann. art. 13 (West Supp.1989). Because § 9:2772 was enacted after the related code articles there is a presumption that it is meant to clarify and not to change the law. *See Gay v. United Benefit Life Ins. Co.,* 233 La. 226, 96 So.2d 497, 498–99 (1957).

**30.** La.Civ.Code Ann. art. 10 (West Supp.1989).

**31.** The title to § 9:2772 states that the period is preemptive and § 9:2772 B refers to the causes that are "preempted" after ten years. Before this statute was enacted there was some question about whether the right to bring an action ceased to exist ten years after the date the construction was completed regardless of when the defect is discovered or whether if the defect manifested itself within ten years after the building is accepted the action could be brought within the general prescriptive period for torts. *See* Baudry–Lancantinerie & Tissier, *supra* note 19, at 356–57; M. Planiol, *supra* note 19, at 149–50; *Orleans Parish School Bd. v. Pittman Constr. Co.,* 261 La. 665, 681–82, 260 So.2d 661, 667 (1972).

**32.** *See American Mutual Liability Ins. Co. v. Lionel F. Favret Co.,* 224 F.Supp. 477 (E.D.La. 1963); *Orleans Parish School Bd. v. Pittman Constr. Co.,* 261 La. 665, 681–82, 260 So.2d 661, 666–68 (1972).

**33.** La.Civ.Code Ann. art. 3500 Comment (b) (West Supp.1989). *See also* Comment, *Revision of the Civil Code Provisions on Liberative Prescription,* 60 Tul.L.Rev. 379, 402–03 (1985).

**34.** M. Planiol, *supra* note 19, at 149; *Orleans Parish School Bd. v. Pittman Constr. Co.,* 261 La. 665, 260 So.2d 661, 666–67 (1972). In *Pittman* the Court noted that former Louisiana article 3545, replaced by article 3500, was based on a version of article 2270 of the Code Napoleon providing:

After the expiration of ten years, the architect and the undertaker are released from all responsibility with respect to the *structual parts* of the buildings they have put up or directed. 260 So.2d at 665 (emphasis added).

changes in drawings and specifications were discoverable during the construction phase. We conclude that the legislature did not intend to establish in section 9:2772 a ten-year period for this type of action.[35]

Moreover, the decisions recognizing a third party's right to sue an architect for economic loss caused by his negligence are not based on application of articles 2762 or 3500. The nature of this claim is similar to a malpractice claim against a physician or attorney: it is based on a duty imposed by law. Because the plaintiff's action in this case is cognizable under article 2315, the general tort provision of the Louisiana Civil Code, it is governed by the one-year prescriptive period for such actions provided for in article 3492. The plaintiff's suit brought several years after the hospital was completed is therefore prescribed.

\*    \*    \*    \*    \*    \*

We AFFIRM the district court's grant of summary judgment in favor of the defendants.

---

**35.** Although not addressing the applicability of § 9:2772, which had been enacted about 12 years earlier, the court in *Coon v. Blaney,* 311 So.2d 622 (La.Ct.App. 3d Cir.1975) held that the ten-year prescriptive period of former article 3545 applies only to actions by owners. The court's silence about § 9:2772 may mean it considered the scope of that section limited by article 3545 and therefore unhelpful to the plaintiff in that case.