| iBARRY, Judge.
The trial court overruled relator’s exceptions of prescription and improper cumulation of actions, and relator seeks supervisory review. We grant certiorari, reverse the judgment overruling the exception of prescription, and dismiss respondent’s suit against relator.

Facts

Relator (Hansen Lind Meyer or HLM), an architect, states that Alton Ochsner Medical *1266 Foundation (Ochsner) engaged HLM to design a research facility. HLM asserts Ochs-ner entered into a separate contract with Landis & James Construction Co., Inc. as prime contractor, and Landis & James entered a subcontract for masonry work with respondent Gee Cee. Gee Cee does not dispute the alleged contractual relationships.
The parties agree that on September 8, 1992 concrete facing that had been installed by Gee Cee cracked and fell. Remedial work was completed November 11,1992.
|2On August 31,1994 Landis & James sued HLM and Gee Cee alleging their failure to perform in a workmanlike manner and deficient design and planning.
On October 19, 1994 Gee Cee filed an incidental demand against Landis & James and HLM. Gee Cee alleged HLM’s design was inadequate, that Landis & James failed to pay Gee Cee for additional work Gee Cee performed, and that HLM and Landis & James are solidarily liable. Gee Cee included claims against Landis & James arising from unrelated projects at New Orleans International Airport and East Jefferson Hospital.
Landis & James apparently dismissed its petition on October 25,1994.
HLM filed exceptions of prescription and improper cumulation of actions which the trial court denied without reasons.
HLM argues that Gee Cee’s claim against HLM is delictual and prescribed in one year because there is no contract between HLM and Gee Cee. The record does not contain copies of the relevant contracts. Gee Cee does not claim that it contracted with HLM, rather its action is quasi-contractual and prescribes in ten years.[1]

Prescription

The character of an action in the pleadings determines the applicable preserip-tive period. Starns v. Emmons, 538 So.2d 275, 277 (La.1989); Taylor v. Smith, 619 So.2d 881, 885 (La.App. 3d Cir.), writ den. 625 So.2d 1038 (La.1993). For prescription purposes, the nature of an obligation is either contractual, quasi-contractual, delictual, quasi-delictual, or legal. Taylor v. Smith, 619 So.2d 13at 885. Because Gee Cee does not allege a contractual relationship between it and HLM, the issue is whether the claim is in tort or quasi-contract.
A personal action is subject to li-berative prescription of ten years unless otherwise provided by legislation. La.C.C. art. 3499. Under La.C.C. art. 3492 a delictual action prescribes in one year. An action against an architect by a third party not privy to a contract with the architect is delic-tual where the damage is not the defective work itself but damage caused by the defective work. Gurtler, Hebert & Company, Inc. v. Weyland Machine Shop, Inc., 405 So.2d 660, 662 (La.App. 4th Cir.1981), writ den. 410 So.2d 1130 (La.1982).
Gurtler considered whether a subcontractor had a cause of action against an architect with whom the sub-contractor had no privity of contract, and held a delictual cause of action exists:
Where the damage sued for is the defectively performed work itself, the action is strictly a contractural one and only those who are in privity with the contractor have an action against him. However, where the damage sued for is not the defective work but is instead damage caused by the defective work, a tort action against the contractor is proper when the elements for delictual recovery are present.
Gurtler, Hebert & Company, Inc. v. Weyland Machine Shop, Inc., 405 So.2d at 662, quoting Dumber Products, Inc. v. Hiriart, 255 So.2d 783 (La.App. 4th Cir.1971).
The issue in Gurtler, Hebert & Company, Inc. was whether there was a cause of action. *1267 The court’s reasoning in defining that cause of action is relevant to the applicable prescriptive period under the facts alleged by Gee Cee. Merchants National Bank & Trust Co. of Indianapolis v. Smith, Hinchman & Grylls Associates, Inc., 876 F.2d 1202 (5th Cir.1989) considered the prescriptive 14period of an action by a third party against an architect for cost overruns allegedly caused by deficiencies in the architectural plans and specifications for construction of a building. Plaintiff was an assignee of the electrical subcontractor. The issue was the application of Article 3492 (one year for a tort), Article 3499 (ten years for a personal action), or Article 3500 (ten years for certain suits against architects and contractors).
The court held that an architect’s duty to a subcontractor who is not privy to the contract is similar to that owed by other professionals such as attorneys and physicians, i.e., one of professional care and skill customarily employed by other architects in the same general area. Merchant’s National Bank & Trust Co. of Indianapolis, 876 F.2d at 1205, citing Milton J. Womack, Inc. v. House of Representatives of Louisiana, 509 So.2d 62 (La.App. 1st Cir.), writs den. 513 So.2d 1208, 1211 (La.1987). Therefore Civil Code article 3499’s residual ten-year prescriptive period for personal actions does not apply.... Merchants National Bank, 876 F.2d at 1205.
Noting that the one year prescriptive period for a tort action would not control if there were another, more specific, prescriptive period applicable, the court examined La.C.C. art. 3500 which provides:
An action against a contractor or an architect on account of defects of construction, renovation, or repair of buildings and other works is subject to a liberative prescription of ten years.
Based on its statutory history, Article 3500 governs an action by an owner against the architect or contractor and is inapplicable to a tort claim by a third party against an architect. Merchants National Bank, 876 F.2d at 1207.
IsGee Cee claims economic damages resulted from defective designs by HLM. That action sounds in tort and is governed by article 3492.
The judgment denying HLM’s exception of prescription is hereby reversed. Gee Cee’s claim against Hansen Lind Meyer is dismissed. We pretermit relator’s argument on improper cumulation.

WRIT GRANTED; REVERSED.

. This Court ordered HLM to supplement the writ application with proof of the contracts between all parties which are part of the district court record. HLM's response stated the contracts are not part of the district court record. The contracts are not necessary because Gee Cee does not allege contractual privity with HLM.