| MAXINE THOMAS | * | NO. 2020-CA-0183 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| HOUSING LOUISIANA NOW, | * | |
| L.L.C., TRACY F. ROBINSON, | | FOURTH CIRCUIT |
| MASTER BUILDERS & | * | |
| CONTRACTORS, L.L.C., | | STATE OF LOUISIANA |
| RICHARD J. MITHUN, | * * * * * * * | |
| DEAN'S AIR-CONDITION & | | |
| HEATING, LLC, AND DEAN | | |
| WALTERS | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-08574, DIVISION "I-14"
Honorable Piper D. Griffin, Judge
* * * * * *
**Judge Regina Bartholomew-Woods**
* * * * * *
(Court composed of Judge Sandra Cabrina Jenkins,
Judge Regina Bartholomew-Woods, Judge Paula A. Brown)

Philip Anthony Franco
ADAMS AND REESE LLP
4500 One Shell Square
New Orleans, LA 70139-6534

      COUNSEL FOR PLAINTIFF/APPELLANT

Terese M. Bennett
THE LAW OFFICE OF TERESE M. BENNETT
321 Veterans Memorial Blvd., Suite 205
Metairie, LA 70005

      COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**
**SEPTEMBER 30, 2020**

*RBW*

*SCJ*

*PAB*

This civil appeal arises from the trial court's judgment granting an exception of prescription in favor of Defendant-Appellee, Tracy F. Robinson ("Robinson"), and dismissing her from the lawsuit with prejudice. One year and one week after the termination of the underlying contract, Plaintiff-Appellant, Maxine Thomas ("Appellant") filed a petition for damages alleging breach of contract against a limited liability company, as well as intentional interference with a contract against Robinson, the manager of the limited liability company. Appellant attempted to extend a ten-year liberative prescription period, which is applicable to a breach of contract claim, to the claim of intentional inference with a contract, which is a delictual action subject to a one-year liberative prescription period by asserting that Robinson was solidarily liable with the limited liability company. For the foregoing reasons, we affirm the trial court's judgment granting the exception of

1

prescription in favor of Robinson and dismissing her from the lawsuit with prejudice.

## FACTUAL BACKGROUND

On February 7, 2017, three tornadoes struck New Orleans East and damaged the residence of Appellant[1] located at 4701 Donna Drive; the tornadoes removed the entire roof, thus rendering her residence uninhabitable. On March 13, 2017, Appellant entered into a contract with Defendant, Housing Louisiana Now, L.L.C. ("HLN"), in the amount of $181,517.60, to repair her residence; Appellant paid HLN $83,597.03 up front. Robinson served as the manager of HLN and contact person for Appellant with regard to her contract with HLN. Robinson sub-contracted with Defendant, Master Builders & Contractors, L.L.C. ("Master Builders"). According to Appellant, the repairs to her home were partially completed in a deficient and tardy manner. Despite Appellant's request for the completion of the repairs, her residence remained uninhabitable. Thus, on August 21, 2017, Appellant terminated her contract with HLN and Master Builders. Thereafter, Appellant entered into a contract with Dean's Air-Conditioning & Heating, L.L.C. ("Dean's") to complete the repairs to her residence. Although Appellant paid Dean's $42,950.00, Dean's also failed to complete the repairs. Ultimately, Appellant spent an additional $76,785.56 to complete the repairs to her residence.

---

[1] Appellant is a seventy-eight (78) year old widow.

## PROCEDURAL HISTORY

On August 28, 2018, Appellant filed a petition for damages against HLN, Robinson, Master Builders, Richard J. Mithun ("Mithun") (manager of Master Builders), Dean's, and Dean Walters ("Walters") (manager of Dean's). In the petition for damages, Appellant alleged claims for breach of contract by non-performance, defective performance, and delay in performance against HLN, Master Builders, and Dean's. Appellant also alleged claims of intentional interference with a contract and solidary liability against Robinson, Mithun, and Walters. Appellant alleged solidary liability between HLN and Master Builders and sought the return of the $83,597.03. Appellant sought the return of $42,950.00 from Dean's. Appellant filed suit against, *inter alia*, Robinson and alleged that as an officer of HLN, Robinson intentionally interfered with the contract between Appellant and HLN, which caused HLN to breach its contract with Appellant. Appellant further alleged that Robinson is solidarily liable[2] with HLN for the return of the $83,597.03.

---

[2] La. C.C. art. 2324 provides,

> A. He who conspires with another person to commit an intentional or willful act is answerable, *in solido*, with that person, for the damage caused by such act.

> B. If liability is not solidary pursuant to Paragraph A, then liability for damages caused by two or more persons shall be a joint and divisible obligation. A joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person for damages attributable to the fault of such other person, including the person suffering injury, death, or loss, regardless of such other person's insolvency, ability to pay, degree of fault, immunity by statute or otherwise, including but not limited to immunity as provided in R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable.

On October 4, 2019, in response to the lawsuit, Robinson filed an exception of prescription. The exception of prescription came before the trial court for a hearing on January 10, 2020. At the hearing, Robinson entered into evidence the March 13, 2017 contract between HLN and Appellant, and the August 21, 2017 notice of termination. Appellant offered no countervailing evidence to dispute the exception of prescription, but argued that because the breach of contract claim against HLN had been timely filed and Robinson is liable, *in solido*, the claim against Robinson is not prescribed. On January 27, 2020, the trial court granted the exception of prescription in favor of Robinson and dismissed Robinson from the lawsuit with prejudice. It is from this judgment that Appellant now appeals.

## DISCUSSION

### Assignment of Error

On appeal, Appellant raises a sole assignment of error: whether the trial court erred in granting the exception of prescription in favor of Robinson and dismissing Robinson from the lawsuit with prejudice.

### Standard of Review

This Court has explained:

> "A peremptory exception generally raises a purely legal question." *Wells Fargo Fin. Louisiana, Inc. v. Galloway*, [20]17-0413, p. 7 (La. App. 4 Cir. 11/15/17), 231 So.3d 793, 799-800. However, the standard of review of the trial court's ruling on a peremptory exception of prescription depends on whether evidence is introduced at the trial on the exception. *Id.*

---

C. Interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors.

When no evidence is introduced, a *de novo* standard applies to determine whether the trial court's decision was legally correct; and, "[i]n this context, 'the exception of prescription must be decided on the facts alleged in the petition, which are accepted as true.'" *Id.*, [20]17-0413, p. 8, 231 So.3d at 800 (quoting *Denoux v. Vessel Mgmt. Servs., Inc.*, [20]07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88). However, when evidence is introduced, then the manifestly erroneous standard of review applies. *Wells Fargo*, [20]17-0413, p. 8, 231 So.3d at 800.

*Wright v. State on Behalf of Alleyn*, 2019-0499, p. 3 (La. App. 4 Cir. 8/5/20), --- So.3d ---.

A review of the record on appeal reveals that at the January 10, 2020 hearing on the exception of prescription, Robinson introduced into evidence the March 13, 2017 contract between HLN and Appellant and the August 21, 2017 notice of termination. Accordingly, this Court employs the manifest error standard of review. As such, "an appellate court cannot reverse the trial court's findings if the findings are reasonable in light of the record reviewed in its entirety, even if the appellate court would have weighed the evidence differently." *Perniciaro v. McInnis*, 2019-0671 (La. App. 4 Cir. 4/1/20), 293 So.3d 1144, 1151, *writ denied*, 2020-00492 (La. 7/2/20), 297 So.3d 767 (internal citations omitted). "Additionally, the standard controlling the review of the exception of prescription requires the appellate court to strictly construe the statutes against prescription and in favor of the claim that is said to be extinguished." *Robinson v. Westin Hotel*, 2012-1454, p. 4 (La. App. 4 Cir. 3/20/13), 177 So.3d 715, 718.

Thus, based on the aforementioned, we review the trial court's decision using the manifest error standard of review.

5

*Analysis*

"According to the civilian tradition, prescription is a means of acquiring real rights or of losing certain rights as the result of the passage of time." Marjorie Nieset Neufeld, *Prescription and Peremption-the 1982 Revision of the Louisiana Civil Code*, 58 Tul. L. Rev. 593 (1983). Pursuant to La. C.C. art. 3447, "[l]iberative prescription is a mode of barring actions as a result of inaction for a period of time." The Louisiana Supreme Court, in *Cichirillo v. Avondale Indus., Inc.*, explained that "[t]he fundamental purpose of prescription statutes is to afford a defendant economic and psychological security if no claim is made timely and to protect the defendant from stale claims and from the loss or non-preservation of relevant proof." 2004-2894, p. 9 (La. 11/29/05), 917 So.2d 424, 430.

*Prescription of Contract and Delictual Actions*

"The nature of an action determines the applicable prescriptive period." *Russ v. City of New Orleans*, 2019-0579, p. 3 (La. App. 4 Cir. 8/28/19), 279 So.3d 1006, 1008, *writ not considered*, 2019-01539 (La. 11/19/19), 282 So.3d 1063, *reconsideration denied*, 2019-01539 (La. 1/22/20), 291 So.3d 1039 (internal citations omitted). Accordingly, "[t]he nature of a cause of action must be determined before it can be decided which prescriptive term is applicable. The character of an action disclosed in the pleadings determines the prescriptive period applicable to that action." *Albe v. City of New Orleans*, 2014-0186, p. 8 (La. App. 4 Cir. 9/17/14), 150 So.3d 361, 367 (internal citations omitted). "For prescription purposes, the nature of an obligation is either contractual, quasi-

contractual, delictual, quasi-delictual, or legal." *Landis & James Const. Co. v. Gee Cee Corp.*, 1995-1927, p. 2 (La. App. 4 Cir. 2/15/96), 669 So.2d 1265, 1266 (internal citations omitted). At issue here is the prescriptive period relative to contractual and delictual actions. The Louisiana Supreme Court, in *Roger v. Dufrene*, explained that "[a]n action in tort is governed by the prescriptive period of one year while an action on a contract is governed by the ten year prescriptive period for personal actions." 613 So.2d 947, 948 (La.1993).

The Louisiana Supreme Court, in *DePhillips v. Hosp. Serv. Dist. No. 1 of Tangipahoa Par.*, has explained the following:

> "The mere fact that the circumstances arose in the context of a contractual relationship does not make the cause of action contractual." *Thomas v. State Employees Group Benefits Prog.*, [20]05-0392, p.5 (La. App. 1 Cir. 3/24/06), 934 So. 2d 753, 757. *See also Roger*, 613 So. 2d at 948 (citing, *inter alia*, *Kozan v. Comstock*, 270 F.2d 839, 844-45 (5th Cir. 1959 (Wisdom, J.)); *Stewart, supra*, 2016 WL 1715192, at *5 ("[T]he existence of a contract between the parties is not determinative."); Ronald J. Scalise, Jr., 6 La. Civ. L. Treatise, Law of Obligations § 16.31 (2d ed. 2019) (where "the contract is not the basis for the wrongdoing party's liability but only the *occasion* for the commission of that party's tort, ... the outcome of the dispute should be governed by the rules of delictual, rather than contractual, liability"). Thus, courts apply a delictual prescriptive period where, as here, the cause of action is delictual in nature.

2019-01496, p. 11 (La. 7/9/20), --- So.3d ---, *reh'g denied*, 2019-01496 (La. 9/9/20). Although the alleged claims in the petition for damages arise from the contract between HLN and Appellant, the only claim against Robinson is intentional interference with a contract. The Louisiana Supreme Court, in *9 to 5*

*Fashions, Inc. v. Spurney*, explained that intentional interference with a contract is a delictual action. 538 So.2d 228, 232 (La.1989).

Accordingly, we find that the claim of intentional interference with a contract asserted by Appellant against Robinson is a delictual action subject to a one-year prescriptive period. Because Appellant filed the petition for damages one year and one week after the termination of the contract, the period during which Appellant alleges that Robinson committed the tortious conduct, the claim against Robinson is prescribed. Notwithstanding, we next address Appellant's allegation that Robinson is liable, *in solido*, with HLN.

### Solidary Liability

Appellant asserted that Robinson intentionally interfered with the contract with HLN and thus, is solidarily liable for HLN's breach of the contract. Appellant argues that the alleged claim for intentional inference with a contract has not prescribed because it is subject to ten-year liberative prescription pursuant to La. C.C. arts. 3499 and 3450. Appellant concedes that intentional interference with a contract is a delictual action subject to one year liberative prescription. However, Appellant argues that although Robinson's liability sounds in tort and HLN's liability sounds in contract, the obligations are solidary pursuant to La. C.C. art. 1797.[3] Appellant further argues that pursuant to La. C.C. arts. 1979[4] and 3503,[5] the petition for damages interrupted prescription as to all solidary obligors.

_____

[3] La. C.C. art. 1797 provides, "[a]n obligation may be solidary though it derives from a different source for each obligor."

[4] La. C.C. art. 1799, "[t]he interruption of prescription against one solidary obligor is effective against all solidary obligors and their heirs."

8

Pursuant to La. C.C.P. art. 927(A) (1)[6] and La. C.C. art. 3452,[7] Robinson filed an exception of prescription on October 4, 2019, and argued that the only alleged claim against Robinson was intentional interference with a contract, which is an intentional tort subject to a one-year liberative prescription, pursuant to La. C.C. 3492.[8] Robinson concedes that Appellant attempted to state a breach of contract claim against HLN and Master Builders; however, no contractual relationship exist between Appellant and Robinson. Further, Robinson rejects Appellant's conclusory argument that Robinson is liable, *in solido*. The Louisiana Supreme Court, in *Glasgow v. PAR Minerals Corp.*, explained that "civilian methodology and the Civil Code again compel us to reject the proposition 'that parties cannot be solidarily liable unless their liability is based upon the same cause of action' and we likewise affirm the principle that for purposes of prescription, parties 'are solidarily liable to the extent that they share coextensive liability to repair certain elements of the same damage.'" 2010-2011 (La. 5/10/11, 12-13), 70 So.3d 765, 772 (citing *Williams v. Sewerage & Water Bd. of New Orleans*, 611 So.2d 1383, 1389 (La.1993)). Moreover, the Louisiana Supreme Court, in *Younger*

---

[5] La. C.C. art. 3503, "[w]hen prescription is interrupted against a solidary obligor, the interruption is effective against all solidary obligors and their successors."

[6] La. C.C.P. 927 lists objections properly raised by peremptory exception.

[7] La. C.C. art. 3452 provides, "[p]rescription must be pleaded. Courts may not supply a plea of prescription."

[8] La. C.C. art. 3492 provides, "[d]elictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained. It does not run against minors or interdicts in actions involving permanent disability and brought pursuant to the Louisiana Products Liability Act or state law governing product liability actions in effect at the time of the injury or damage."

*v. Marshall Indus., Inc.*, explained that "if the plaintiff's basis for claiming interruption of prescription is solidary liability between two or more parties, then the plaintiff bears the burden of proving that solidary relationship." 618 So.2d 866, 869 (La.1993). At the hearing, Appellant did not introduce evidence to prove that a solidary relationship existed between HLN and Robinson; Appellant did nothing more than offer a conclusory assertion of solidary liability between HLN and Robinson in the petition for damages. As such, Appellant failed to meet her burden of proving the existence of a solidary relationship.

Robinson argues that, pursuant to La. R.S. 12:1320(B), as the manager of HLN, a limited liability corporation, Robinson is not liable, *in solido*, with HLN. Moreover, Robinson argues that Appellant mischaracterized the claim in an attempt to "resurrect" a prescribed tort claim. This Court, in *Streiffer v. Deltatech Constr., LLC*, explained that "[a] limited liability company is a business entity separate from its members and its members' liability is governed solely and exclusively by the law of limited liability companies. 'The fact that a person is the managing member of a limited liability company and/or has a significant ownership interest therein does not in itself make that person liable for its debts.'" 2018-0155, pp. 7-8 (La. App. 4 Cir. 10/10/18), *writ denied*, 2018-2107 (La. 2/18/19), 263 So.3d 1154 (internal citations omitted). Pursuant to La. C.C. Art. 24, limited liability companies, such as HLN, and its members, such as Robinson, are considered wholly separate entities. *Ogea v. Merritt*, 2013-1085, p. 6 (La. 12/10/13), 130 So.3d 888, 894-95. Further, pursuant to La. R.S. 12:1320(B), "no

10

member, manager, employee, or agent of a limited liability company is liable in such capacity for a debt, obligation, or liability of the limited liability company." Further, pursuant to La. R.S. 12:1320(C), "[a] member, manager, employee, or agent of a limited liability company is not a proper party to a proceeding by or against a limited liability company, except when the object is to enforce such a person's rights against or liability to the limited liability company." Based on the record before us, Robinson, as a manager of the limited liability company, cannot be liable, *in solido*; Appellant offered no evidence to rebut the general rule of limited liability.

At the hearing on the exception of prescription, Appellant failed to meet her burden of rebutting prescription on its face. Appellant's alleged claim of intentional interference with a contract against Robinson is a delictual action subject to a one-year liberative prescription, which had prescribed because the petition for damages was filed one year and one week after the termination of the contract and after the alleged tort had occurred. Moreover, the ten-year prescriptive period applicable to breach of contract claims does not extend to the claim of intentional interference with a contract because Robinson is not liable, *in solido*, with HLN. Accordingly, we find that the trial court did not err in granting the exception of prescription in favor of Robinson and dismissing Robinson from the lawsuit with prejudice.

11

## <u>DECREE</u>

For the aforementioned reasons, we affirm the trial court's judgment granting the exception of prescription in favor of Robinson and dismissing Robinson from the lawsuit with prejudice.

**AFFIRMED**